IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: <br><br> ORION REFINING CORPORATION, <br><br> Debtor. | : : : : : : : | Chapter 11 <br><br> Case No. 03-11483 (MFW) |
| In re: <br><br> FLUOR ENTERPRISES, INC <br><br> Appellant, <br><br> v. <br><br> ORION REFINING CORP., CYPRESS, ASSOCIATES, LLC <br><br> Appellees | : : : : : : : : : : : : : | Civil Action No. 06-413 (KAJ) |

MEMORANDUM IN SUPPORT OF
APPELLANT'S MOTION TO DISMISS

In support of its Motion for Order Dismissing Appeal Without Prejudice, Appellant, Fluor Enterprises, Inc.("Fluor") respectfully shows the Court:

Procedural History and Background

This appeal arises out of an adversary proceeding commenced by Fluor to recover a claim against the Debtor under a "critical vendor order" ("the Original Order") entered by the Bankruptcy Court in the "base case." The adversary proceeding seeks recovery of Fluor's claim under various theories, expressed in four separate counts: state law lien rights; fraud and misrepresentation; promissory estoppel; and constructive trust. Separate and apart from the adversary proceeding, Fluor filed a

"Motion for Relief" (the "Motion for Relief") requesting the bankruptcy court to enter an order clarifying the intent of the Original Order and directing the Debtor to pay Fluor the same amount claimed in the complaint.

The Debtor's plan of reorganization was confirmed on July 1, 2004. Pursuant to the Confirmation Order, funds necessary to satisfy Fluor's claim are being held in escrow pending resolution or adjudication of Fluor's adversary proceeding and/or Motion for Relief.

By order (the "Summary Judgment Order") entered May 9, 2006, the Bankruptcy Court granted the Debtor's motion for partial summary judgment, in effect dismissing the counts in the adversary proceeding asserting state law lien rights and constructive trust. The Summary Judgment Order had no effect on the remaining counts in the adversary proceeding for fraud and misrepresentation, and for promissory estoppel; nor did the order have any bearing on the separate Motion for Relief. Nor did the Summary Judgment Order contain an express determination that there is no just reason for delay as contemplated by Fed. R. Bankr. P. 7054 (Fed. R. Civ. P. 54(b)) or direct entry of judgment on the two counts in question as further required by that Rule.

Because the Summary Judgment Order in effect dismissed two distinct causes of action asserted in the complaint, out of an abundance of caution Fluor filed a timely notice of appeal from the order.

In the meantime, at a hearing on July 7, 2006, the Bankruptcy Court overruled the Debtor's opposition to the Motion for Relief and granted Fluor interim relief by clarifying the Original Order to specifying circumstances under which Fluor could recover from the Debtor. It further ruled that upon establishment of an appropriate evidentiary record in the context either of the adversary proceeding or the Motion for Relief, the Court could enforce the Original Order and direct payment. The Court directed the parties to confer and submit a proposed scheduling order for further proceedings in the adversary proceeding and the Motion for Relief.

Argument

The jurisdictional basis for this appeal is established by 28 U.S.C. 158(a), which provides in part that the "district courts... shall have jurisdiction to hear appeals ... from final judgments, orders and decrees... and ... with leave of the court, from other interlocutory orders and decrees." Fed. R. Bankr. P. 8001(c)(2) in turn provides that after an appeal is docketed, "...[a]n appeal may be dismissed on motion of the appellant on terms and conditions fixed by the district court...."  See In re White Beauty View, Inc., 841 F.2d 524 (3d Cir. 1988).

As noted, because the Summary Judgment Order in effect dismissed two of four discrete causes of action, Fluor filed notice of appeal out of an abundance of caution; but in light of developments in the Bankrupcty Court with respect to the underlying claim and for reasons of judicial economy among other reasons, Fluor now seeks dismissal of this appeal, but only upon an express determination that the Summary Judgment Order is interlocutory and the dismissal therefore is without prejudice.

Dismissal of an interlocutory appeal is, of course, without prejudice.  See, e.g., In re Public Service Company of New Hampshire, 898 F.2d 1, 2 (D.N.H. 1990) (dismissing appeal because the bankruptcy order appealed from was interlocutory, not final, but doing so "without prejudice"); Pacific Indemnity Co. v. Linn, 766 F.2d 754, 759 (3d Cir. 1985) (dismissing interlocutory appeal for lack of jurisdiction without prejudice); Twp. of Franklin Sewerage Auth. v. Middlesex County Utils. Auth., 787 F.2d 117, 119 (3d Cir. 1986) (dismissing interlocutory appeal without prejudice).

In the bankruptcy context, a court need not address all issues raised by the bankruptcy for an order to be considered final.  *In re* Professional Ins. Mgmt., 285 F.3d 268, 281 (3d Cir. 2002) ("[A] bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case."); *In re* Martin Bros. Toolmakers, Inc., 796 F.2d 1435, 1437-38 (11th Cir. 1986) (order resolving adversary proceeding is final).  However, "it

must completely resolve all of the issues pertaining to a *discrete claim*, including issues as to proper relief." In re Integrated Res., Inc., 3 F.d 49, 53 (2d Cir. 1993) (quoting Shiner v. Fugazy, 982 F.2d 769, 775-76 (2d Cir. 1992)).

The Third Circuit has set forth a balancing test for examining the issue of finality with respect to appeals of bankruptcy orders. See, In re Market Square Inn, Inc., 978 F.2d 116 (3d Cir. 1992). The factors set forth are: 1) the impact on the assets of the bankrupt estate; 2) the necessity for further findings on remand; 3) the preclusive effects of the decision on the merits on further litigation; 4) whether the interest of judicial economy would be furthered; and 5) whether delay in the final resolution of the matter would adversely affect the debtor's ability to reorganize. Id., at 120; also citing Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 158 (3d Cir. 1987).

The factors enumerated above favor a determination that the Summary Judgment Order is not final and therefore should not be subject to appeal at this time. In this case, each of the four counts in the adversary proceeding -- including the two that are the subject of the Summary Judgment Order -- seek recovery of the same claim amount. The adversary proceeding therefore seeks recovery of one "discrete" claim. Since the Summary Judgment Order did not "resolve all of the issues pertaining" to that discrete claim, it clearly is an interlocutory order and can be dismissed without prejudice.

Since the matter is going forward in the court below on the remaining claims in the adversary proceeding as well as in the Motion for Relief, and since issues raised on this appeal could be mooted by further developments below, it would serve no purpose for this Court to grant leave for the appeal from this interlocutory order and allow the appeal to go forward at this time. The interest of judicial economy would not be furthered by proceeding with the appeal. Furthermore, a delay in the final resolution would not adversely affect the Debtor's ability to reorganize as the plan has been confirmed and the funds are being held in escrow.

56039                                             4

As further confirmation that the Summary Judgment Order is interlocutory, because the order referred to fewer than all of the claims asserted in the complaint and did not contain an "express determination that there is no just reason for delay," the order did not "terminate the action as to any of the claims" and "is subject to revision at any time before entry of judgment adjudicating all of the claims." Fed. R. Bankr. P. 7054 (Fed. R. Civ. P. 54(b)). ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")

Conclusion

For the reasons stated, Fluor respectfully prays that the Court grant its motion and dismiss this appeal without prejudice, in the form of the order attached to this memorandum as Exhibit "A."

Dated: August 2, 2006

MONZACK AND MONACO, P.A.

/s/ Francis A. Monaco, Jr.
FRANCIS A. MONACO, JR. (#2078)
KEVIN J. MANGAN (#3810)
1201 Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

and

KENNEDY COVINGTON LOBDELL
& HICKMAN, L.L.P.
Joseph B. C. Kluttz
John Gardner, Esquire
214 North Tryon Street, 47th Floor
Charlotte, NC 28202

and

        Dominic J. Gianna
        John D. Person, Esquire
        Barry H. Grodsky, Esquire
        Charles R. Penot, Jr., Esq.
        Middleberg, Riddle & Gianna
        201 St. Charles Ave., Suite 1300
        New Orleans, LA 70170-3100

        Attorneys for Fluor Enterprises, Inc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **ORION REFINING CORPORATION,** | : | Case No. 03-11483 (MFW) |
| | : | |
| **Debtor.** | : | |
| | : | |

| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| | : | Civil Action No. 06-413 (KAJ) |
| **FLUOR ENTERPRISES, INC** | : | |
| | : | |
| **Appellant,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ORION REFINING CORP., CYPRESS, ASSOCIATES, LLC** | : | |
| | : | |
| **Appellees** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the attached document was made via hand delivery on August 2, 2006 upon:

William H. Sudell
Gregory W. Werkheiser
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, Delaware 19899

Under penalty of perjury, I declare that the foregoing is true and correct.

August 2, 2006_____        __/s/ Heidi E. Sasso_____
Date                           Heidi E. Sasso

Document #: 56044